■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LAFFOSSE, Appellant.—*Appeal from judgment, Supreme Court, Bronx County,* rendered July 20, 1977, on a jury verdict convicting defendant of robbery in

the second degree (Penal Law, § 160.10) and imposing an indeterminate sentence of 0 to 8 years, held in abeyance, counsel's motion to be relieved is denied and counsel is directed to proceed as hereinafter indicated. The brief submitted by the attorney for the defendant states that counsel sent two letters to his client requesting any statements he may wish to make to the court, to which there was no response. The brief also contains a perfunctory history of the action, noting only that in counsel's view the case law precludes any statement to the court with respect to the questions of voluntary and intelligent waiver of counsel to defendant at preindictment and prearraignment lineup, and improperly suggestive viewings. Counsel requests permission to withdraw. The defendant in person has submitted a motion to the court requesting enlargement of time to perfect his appeal, annexing communications from the lawyer declining to forward or to make arrangements for the forwarding of the record on appeal. We note that *Sandoval, Wade* and *Huntley* hearings were conducted on a motion to suppress statements made by the defendant and evidence concerning a preindictment and prearraignment photo showup and lineup, and that the trial took two and one-half weeks with an 1,100 page record. Although we do not intimate that such hearings and record would necessarily reveal reversible error, it is difficult to believe that after so long a trial and hearings a mere perfunctory listing of the points and case citations sufficiently demonstrates compliance with the guidelines outlined in *People v Saunders* (52 AD2d 833), authorizing an application for leave to withdraw as counsel. "Upon finding [appellant's] case to be wholly frivolous, after a conscientious examination of the record, counsel should so advise the court and request permission to withdraw. Such request should be accompanied by a brief reciting the underlying facts and highlighting anything in the record that might arguably support the appeal." *(People v Saunders,* 52 AD2d 833, outlining the procedures announced in *Anders v California,* 386 US 738.) The brief should "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." *(Anders v California, supra,* p 745.) Counsel has not followed these clear instructions. Moreover, counsel has not made available to the defendant, as requested, or caused to be made available to defendant, a copy of the record on appeal. Accordingly, counsel is directed to serve and file an adequate brief and such additional documentation as is appropriate, and mail a copy thereof to his client within 30 days after notification of this decision by the clerk of the court. When the attorney has concluded with his examination of the record, the record should be returned to the clerk of this court to be forwarded to the defendant with instructions that the appeal will not be heard until the minutes are returned, together with such briefs, if any, as are filed by the defendant *pro se.* If, upon a full study, counsel shall continue to be of the opinion that there are no nonfrivolous issues to be asserted, he may so state and renew his motion to withdraw. Concur—Fein, J. P., Ross, Markewich, Lupiano and Silverman, JJ.