**Hector LAFFOSSE, Petitioner,**

v.

**Wilson WALTERS, Respondent.**

**No. 82 Civ. 3974 (JES).**

United States District Court, S.D. New York.

May 3, 1984.

The Legal Aid Society, Federal Defender Services Unit, New York City, for petitioner; Barry Bassis, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for respondent; George C. Perry, Asst. Atty. Gen., New York City, of counsel.

### OPINION & ORDER

SPRIZZO, District Judge:

Petitioner, Hector Laffosse, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). He was convicted of second degree robbery in New York Supreme Court, Bronx County, on July 20, 1977 and was sentenced to an indeterminate term of imprisonment with a maximum of eight years.[1] The petition

---

1. Petitioner is presently on parole but is considered "in custody" for purposes of habeas corpus review. *See Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963);

raises two claims for relief. Petitioner's first claim is that he was deprived of his right to counsel and to due process of law when he was placed in an identification lineup without the presence of counsel. His second claim is that he was denied his right to the effective assistance of counsel on his appeal to the Appellate Division, First Department.[2]

## FACTS

After his conviction, petitioner was assigned counsel to assist him in the preparation of his appeal. In November 1979, approximately nine months after his appointment, the attorney filed a three page brief in which he moved for permission to withdraw as appointed counsel for petitioner pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[3] Shortly thereafter, petitioner submitted a pro se "Motion for Enlargement of Time to Perfect Appeal," in which he complained of his attorney's behavior in prosecuting his appeal and claimed that he had thereby been deprived of his Sixth and Fourteenth Amendment rights.

On April 3, 1980, the appellate division denied counsel's motion to be relieved, without directly addressing the issues raised by petitioner's pro se motion. *People v. Laffosse*, 75 A.D.2d 508, 426 N.Y. S.2d 744 (1st Dep't 1980). The Court rejected the *Anders* brief submitted by petitioner's attorney and stated that:

We note that *Sandoval, Wade* and *Huntley* hearings were conducted on a motion to suppress statements made by the defendant and evidence concerning a pre-indictment and pre-arraignment photo showup and lineup, and that the trial took 2½ weeks with an 1100-page record. Although we do not intimate that such hearings and record would necessarily reveal reversible error, it is difficult to believe that after so long a trial and hearings a mere perfunctory listing of the points and case citations sufficiently demonstrates compliance with the guidelines outlined in *People v. Saunders*, 52 A.D.2d 833, 384 N.Y.S.2d 161 ....

*Id.* at 509, 426 N.Y.S.2d at 745. The court ordered the attorney to "serve and file an adequate brief and such additional documentation as is appropriate" and indicated that "[i]f upon a full study counsel shall continue to be of the opinion that there are no nonfrivolous issues to be asserted, he may so state and renew his motion to withdraw." *Id.*, 426 N.Y.S.2d at 745.

Petitioner's attorney then filed a second *Anders* brief in which he renewed his application to withdraw as counsel. That brief was essentially identical to the rejected first brief, except for the inclusion of a string citation to three cases, two citations to the New York Penal Law, and a sixty page outline of the transcript of the trial

---

*Harned v. Henderson*, 588 F.2d 12, 13 n. 1 (2d Cir.1978) (citing *Jones*, 371 U.S. at 243, 83 S.Ct. at 377).

**2.** This petition was referred to Magistrate Harold J. Raby for his report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B) (1982). He issued a detailed report on July 28, 1983 in which he concluded: (1) that both of petitioner's claims had been properly presented to the state courts and were exhausted within the meaning of 28 U.S.C. § 2254(c); (2) that petitioner's claim that he was entitled to counsel at *the pre-arraignment lineup was without federal merit*; and (3) that petitioner had been deprived of his right to the effective assistance of counsel on his appeal to the appellate division. Magistrate Raby recommended that the Court issue an Order providing that this petition for a writ of habeas corpus would be granted unless the

State of New York provides for reargument, *de novo*, of petitioner's prior appeal to the Appellate Division, First Department, and appoints counsel for such reargument.

After receiving the Magistrate's report, respondent requested additional time within which to file his objections. This Court extended respondent's time to object until August 22, 1983; to date, however, no objections have been filed. This Court may, of course, make a *de novo* determination of any issue raised by the petition, regardless of whether any party has objected to the recommendations of the Magistrate. *See* 28 U.S.C. § 636(b)(1)(C); *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976).

**3.** The brief is set forth in its entirety at pp. 10–12 of Magistrate Raby's report ("Report").

and pre-trial hearings.[4] The appellate division accepted that brief and, after also reviewing a pro se brief submitted by petitioner, affirmed petitioner's conviction without opinion. *People v. Laffosse,* 79 A.D.2d 894, 435 N.Y.S.2d 617 (1980).

By letter dated December 15, 1980, counsel notified petitioner of his right to apply for leave to appeal to the New York Court of Appeals and filed on behalf of petitioner an application for leave to appeal on January 5, 1981. That application was granted by Order dated January 26, 1981. The attorney then filed an application for appointment of counsel on behalf of petitioner. The court of appeals granted that application on February 19, 1981 and reappointed the attorney who had represented petitioner before the appellate division. Petitioner then wrote a letter to the court requesting that his attorney be replaced, stating, *inter alia,* that:

> I myself feel that this attorney is not adequate enough to plead my case before the [c]ourt of appeals, as he has proven by the brief that he submitted to the appellate division in my behalf. It would be an undue burden for me to continue this appellate process with a counsel [who] is unable to represent me properly.

Letter from petitioner to Joseph N. Bellacosa, Clerk of the New York State Court of Appeals, dated February 25, 1981. Petitioner's request was granted, and another attorney was appointed to represent petitioner on his appeal.

Before the New York Court of Appeals, petitioner argued that: (1) under state and federal law, his rights were violated when a pre-arraignment lineup was conducted in the absence of counsel; and (2) he was deprived of the effective assistance of counsel on his appeal to the appellate division. The court of appeals consolidated petitioner's appeal with three other cases that also presented the question of whether a suspect has a right to counsel at an investigatory lineup. In a consolidated

opinion, the court held that there is no pre-indictment right to counsel at investigatory lineups under either federal or state law. *People v. Hawkins,* 55 N.Y.2d 474, 487, 450 N.Y.S.2d 159, 165–66, 435 N.E.2d 376, 382–83 (1982). The court rejected petitioner's remaining claim of ineffective assistance of appellate counsel without discussion. *Id.* at 488, 450 N.Y.S.2d at 166, 435 N.E.2d at 383. Petitioner filed a motion to reargue his claim that he had been deprived of the effective assistance of counsel, but that motion was denied by the court of appeals on June 8, 1982. *People v. Laffosse,* 56 N.Y.2d 1032, 453 N.Y.S.2d 1028, 439 N.E.2d 402 (1982). The instant petition for habeas corpus relief was first filed on June 17, 1982 and subsequently amended on February 14, 1983.

## DISCUSSION

### Exhaustion

The Court agrees with the Magistrate's conclusion that both of petitioner's claims were properly exhausted in the state courts and adopts the portion of his report which so found. Report at 17–19.

### Right to Counsel at Pre-Arraignment Lineup

■ Magistrate Raby concluded that, since the investigatory lineup occurred before petitioner had been indicted, it was not a "critical stage" in the proceedings and he accordingly did not enjoy a federal constitutional right to counsel at that lineup. Report at 19–22. The Court concurs in Magistrate Raby's analysis and conclusion and adopts that portion of his report.

### Ineffective Assistance of Appellate Counsel

Magistrate Raby identified several non-frivolous issues that could have been raised by petitioner's attorney on appeal to the appellate division, and found that it was therefore inappropriate for counsel to file

---

**4.** The extremely poor, unprofessional quality of this brief is ably described in Magistrate Raby's

report and will not be further discussed here.

an *Anders* brief. Report at 27–39. He concluded that:

> [G]iven the fact that there were at least four nonfrivolous grounds which could have been argued before the Appellate Division, it would appear that the Appellate Division's acceptance of [counsel's] second brief would constitute a violation of the procedures announced in *Anders* and, accordingly, would appear to constitute a denial of the petitioner's right to effective assistance of counsel.

*Id.* at 39. The Court agrees with the Magistrate's conclusion that there were indeed nonfrivolous issues that could have been raised before the appellate division and that petitioner was thus deprived of his constitutional right to the effective assistance of counsel.[5]

■ Indigent persons appealing criminal convictions are entitled to the assistance of counsel on their first appeal that is granted as of right. *Douglas v. California*, 372 U.S. 353, 357–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963). In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court set forth a procedure to be followed when appointed counsel concludes that his client's criminal appeal appears to be "wholly frivolous" and seeks the court's permission to withdraw. The Court stated:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae* .... His role as an advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.

That request must however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to determine whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal .... *On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.*

*Id.* at 744, 87 S.Ct. at 1400 (footnote omitted) (emphasis added); *see also People v. Saunders*, 52 A.D.2d 833, 833–34, 384 N.Y. S.2d 161, 161–62 (1st Dep't 1976).

■ Under *Anders*, an appointed attorney may not be permitted to withdraw from a nonfrivolous appeal. *See Jones v. Barnes*, —— U.S. ——, ——, 103 S.Ct. 3308, 3311, 77 L.Ed.2d 987 (1983). When the brief was submitted to the appellate division, the court itself had a duty to review the record and determine whether any issues might arguably be raised on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *People v. Saunders*, 52 A.D.2d at 834, 384 N.Y.S.2d at 161–62. The appellate division presumably did so in this case, but it erroneously determined that the appeal was frivolous. By permitting petitioner's attorney to withdraw and then deciding the appeal without appointing new counsel, the appellate division failed to carry out its clear duty under *Anders* and violated petitioner's Sixth and Fourteenth Amendment rights.[6] *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see High v. Rhay*, 519 F.2d 109,

---

5. Although not adopting the entire report with respect to petitioner's ineffective assistance of counsel claim, the Court does adopt Magistrate Raby's excellent analysis of the nonfrivolous issues that might have been presented to the appellate division, Report at 27–39, and will not further discuss how those issues might arguably have supported the appeal.

6. Not only was petitioner deprived of the "effective" assistance of counsel, he was essentially denied counsel altogether, since the brief filed by Crystal was not submitted in an attempt to support his client's appeal but rather as a motion to withdraw. As such, it was no substitute for the sort of brief that would have been filed by someone functioning as an active appellate advocate.

113 (9th Cir.1975) (Lumbard, J., sitting by designation); *see also People v. Gonzalez,* 47 N.Y.2d 606, 610–12, 419 N.Y.S.2d 913, 915–17, 393 N.E.2d 987, 990–91 (1979).

This case is clearly distinguishable from *Jones v. Barnes,* —— U.S. ——, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), in which the Supreme Court held that appointed counsel does not have a constitutional duty to raise *every* nonfrivolous issue requested by his client where counsel, in the exercise of his professional judgment, decides not to present those points. *Id.* at ——, 103 S.Ct. at 3312. In *Jones,* the attorney had raised and argued several nonfrivolous claims on appeal but declined to present additional nonfrivolous issues requested by his client. In the present case, petitioner's attorney failed to argue *any* issues before the appellate division; instead, he filed an *Anders* brief and represented to the court that the appeal was frivolous. As Magistrate Raby stated, "although assigned appellate counsel may exercise his professional judgment and decide not to raise and argue some nonfrivolous *issues,* counsel must nevertheless prosecute a nonfrivolous *appeal.*" Report at 41 (emphasis added); *compare Sullivan v. Wainwright,* 695 F.2d 1306, 1309 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 290, 78 L.Ed.2d 266 (1983) (rejecting ineffective assistance of counsel claim where counsel filed a brief on appeal which presented and argued several issues but did not raise other issues) *with Mylar v. Alabama,* 671 F.2d 1299, 1302 (11th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983) (finding ineffective assistance of counsel where counsel

failed to file a brief in a nonfrivolous appeal).

## CONCLUSION

 Petitioner's first claim for relief is denied. With respect to his second claim, the Court finds that petitioner was deprived of the effective assistance of counsel before the appellate division. Unless the Appellate Division, First Department, issues an Order within sixty (60) days granting petitioner a new appeal from his 1977 conviction and appointing counsel for such appeal, this Court will grant his petition for a writ of habeas corpus.[7]

It is SO ORDERED.

---

**7.** The Court rejects that portion of Magistrate Raby's report in which he finds that even if petitioner had not been denied the effective assistance of counsel under *Anders,* Crystal's overall performance before the appellate division was so poor as to have made a "farce and mockery of justice." Report at 42–53; *see United States v. Wight,* 176 F.2d 376, 379 (2d Cir. 1949), *cert. denied,* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). After the Magistrate issued his report, the standard in this Circuit for determining whether the assistance of counsel was effective was changed from a "farce and mockery" standard to one of "reasonably competent assistance." *Trapnell v. United States,* 725 F.2d 149, 155 (2d Cir.1983). This Court, however, is not convinced that a "reasonable competence" standard necessarily applies to the facts of this case. That standard, like the "farce and mockery" standard before it, is designed to govern situations where an attorney, in his role as an *advocate,* fails to provide effective assistance. *See United States v. DeCoster,* 487 F.2d 1197, 1202 (D.C.Cir.1973). Since this claim for denial of effective assistance of counsel is not predicated on an assessment of the attorney's performance as an advocate, it is not clear that a "reasonable competence" analysis is appropriate. *See Barnes v. Jones,* 665 F.2d 427, 431 n. 4 (2d Cir.1981), *rev'd on other grounds,* —— U.S. ——, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).