OPINION OF THE COURT
Meyer, J.
Has an indigent criminal defendant been deprived of his constitutional right to effective assistance of counsel where the attorney appointed to handle his appeal files a "brief’ that summarizes the evidence, states "that in the opinion of the writer there were no points to be raised” on appeal, and then sets forth four point headings stating the points defendant desired to have presented, but advances no argument in support of any of the points? We hold that he has been and therefore reverse and remit for a de novo appeal.
On March 15, 1976, defendant, Federico Gonzalez, was convicted by a jury of two counts of criminal sale of a *608 controlled substance in the first degree. He was sentenced on each count to the maximum term possible, 25 years to life, to run concurrently. His request for assignment of counsel to handle his appeal was honored by the Appellate Division by the appointment on September 28, 1976 of an attorney (other than the attorney handling the present appeal to our court). Though the appointed attorney received the trial transcript on March 23, 1977, he filed no brief until October 27, 1977 after the clerk of the Appellate Division had contacted him, after he had responded that he felt that "there were no substantial errors to be raised on the appeal”, and after the clerk had then directed him to file a brief setting forth whatever points defendant had suggested.
The brief set forth a 28-page summary of the trial testimony of each witness on direct and cross-examination and noted some, but not all, of the objections made by the defense. The statement of facts concluded with the following paragraph: "As a result of communicating with the appellant, and advising him that in the opinion of the writer there were no points to be raised on his appeal, [sic] Appellant has requested the writer to submit the following points:” There followed four point headings, on separate pages, the text of which is set forth in the footnote below,[1] but no discussion or argument of any sort under any point. The brief concluded that "For the foregoing reason [sic], it is respectfully submitted that the judgment of conviction should be reversed and the indictment dismissed.”
*609 By letter notarized November 2, 1977, recounting that defendant had never seen his appointed attorney in person, had spoken to him only twice though defendant had called him in excess of 50 times during the 13 months since his conviction, had had to make a pro se motion for the trial transcript because of counsel’s failure to do so, and calling attention to the incomplete presentation of the brief and the absence of proper research, defendant requested that his appointed counsel be relieved, "competent counsel be appointed on my behalf to prosecute my appeal”, and the time for filing a supplemental brief be enlarged so that the court could be provided "a complete statement of issues and law”. The appointed attorney, responding to the application to relieve him, denied none of defendant’s factual allegations, simply reiterating that "there were no substantial errors upon which any sort of argument could be made on behalf of appellant.” Defendant’s pro se motion was denied on December 1, 1977 and on February 6, 1978, based on the submission of the appointed attorney and of the District Attorney, the judgment of conviction of defendant was unanimously affirmed.[2]
On March 1, 1978, defendant applied pro se for leave to appeal to our court on the ground that the brief filed with the Appellate Division so far failed to meet the requirements of Anders v California (386 US 738), that he had been denied effective assistance of counsel. At that juncture defendant’s present counsel was obtained to represent him on a voluntary basis.
Defendant’s present counsel’s brief essentially argues the ineffectiveness of representation by defendant’s prior counsel, and in so doing identifies the following as some of the issues that were ascertainable from the record and should have been argued: (1) the failure, despite proper request, to instruct the jury, as required by CPL 300.10 (subd 3), that the evidence with respect to each count be considered separately, (2) refusal to allow defense counsel to explore fully on cross-examination the inducements for the co-operation of the confidential informant, (3) the closing of the courtroom during the testimony of the informant, (4) the refusal of the Trial Judge to honor a subpoena issued before trial by a Judge of co-ordinate jurisdiction, (5) the failure to grant a mistrial after the admission of *610 irrelevant and prejudicial evidence concerning the need for back-up teams for the protection of undercover police, and (6) the failure to grant a mistrial after admission of irrelevant and prejudicial testimony that defendant’s interests were limited to guns and women.
The People not only oppose the main thrust of defendant’s present appeal, but argue that the relief he requests is not warranted because this court can pass upon the issues listed above, none of which, argue the People, has substance. We decline to accept that invitation not only because the list set forth above is presented by defendant’s counsel as but "some of’ the available issues and not as an exhaustive list, but also because to do so would deprive defendant of the "interest of justice” discretion that resides in the Appellate Division but not in this court (see, e.g., People v Gruttola, 43 NY2d 116).
Turning then to the main issue before us, we hold that defendant was denied his right to effective assistance of counsel by the disposition of the appeal based on the wholly deficient "brief’ filed on his behalf.
The right of an indigent criminal defendant to the services of counsel on appeal is established by a long line of decisions of the Supreme Court and of this court. Those decisions make clear that the assistance given must be that of an advocate rather than as amicus curiae (Ellis v United States, 356 US 674; People v Emmett, 25 NY2d 354), that the right "means more than just having a person with a law degree nominally” representing defendant (People v Bennett, 29 NY2d 462, 466), that it requires the effective assistance of "single-minded” counsel (People v Emmett, supra, p 356) in the "research of the law, and marshalling of arguments on [defendant’s] behalf’ (Douglas v California, 372 US 353, 358; see, also, People v Macerola, 47 NY2d 257; People v Droz, 39 NY2d 457, 462), so that defendant is provided the "full consideration and resolution of the matter” of "an active advocate in behalf of his client” (Anders v California, 386 US 738, 743-744, supra). The objective of State and Federal decisions has been to assure that an indigent criminal appellant receives substantially the same assistance of counsel as one who can afford to retain an attorney of his choice (Douglas v California, 372 US 353, supra; Nickols v Gagnon, 454 F2d 467).
It can hardly be gainsaid that paid appellate counsel intent upon protecting the rights of his incarcerated client will obtain and thoroughly study the trial transcript and consult *611 with the defendant and with trial counsel (Matter of Nash, 61 Cal 2d 491; People v Hoffman, 382 Mich 66 [Kavanaugh, J., dissenting]; see Oakes, Lawyer and Judge: The Ethical Duty of Competency, Report of Annual Chief Justice Earl Warren Conference on Advocacy in US, 1978 [Pound — American Trial Lawyers Foundation], pp 57, 65). The undisputed dilatoriness of appointed counsel in obtaining the record, his failure to consult with either trial counsel or defendant, and his failure to file a "brief’ until prodded by the Appellate Division clerk strongly suggest that the assistance given defendant did not meet the required standard. Examination of the brief submitted demonstrates beyond peradventure the perfunctory nature of his efforts. Its lengthy, indiscriminate narrative of facts in the form presented could aid neither defendant nor the court in reviewing the case, for no effort was made to relate the facts to the points later stated or to show weaknesses or contradictions suggestive of lack of credibility of the prosecution’s witnesses. Though objections to the admission of testimony were recited, there was no effort to assess the prejudicial effect of the testimony or the legal efficacy of the objection. Instead, counsel contented himself with the blanket statement that he had informed defendant that "there were no points to be raised on his appeal”, and with the statement of points headings which he clearly disassociated himself from and which were followed by no argument at all, not even to address the discretion of the Appellate Division as to the excessiveness of sentence.
Far from demonstrating conscientious examination of the record and the law, the papers before the Appellate Division on the motion for appointment of substitute counsel clearly portrayed the contrary. Moreover, while we express no opinion on the ultimate disposition of the points advanced by defendant’s present attorney, his presentation of them confirms the thought that appellate counsel "not infrequently advance contentions which might otherwise escape the attention of judges of busy appellate courts, no matter how conscientiously and carefully those judges read the records before them” (People v Emmett, 25 NY2d 354, 356, supra). Clearly, therefore, defendant is entitled to reversal of the Appellate Division’s order of affirmance and the remand of the matter to *612 that court for de novo consideration of his appeal (Matter of High v Rhay, 519 F2d 109, 113).[3]
For the reasons above stated the order appealed from should be reversed and the matter should be remitted to the Appellate Division for de novo consideration of the appeal.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, etc.

.
POINT I
"The appellant desires to raise the issue that the court lost jurisdiction of his person when he was removed from the jurisdiction of the Supreme Court of the State of New York, County of Kings, after his trial in violation of GPL Section 580.20 and before sentencing. (See sentencing minutes, Pages 2, 3, and 4.)
POINT II
"The appellant maintains that under all the facts and circumstances, the sentence he received was excessive.
POINT III
"The appellant maintains that the Penal Law of the State of New York with respect to the criminal sale and criminal possession of cocaine is unconstitutional.
POINT IV
"The appellant was denied a fair trial in that the District Attorney’s Office did not provide defense counsel with all the police records which had been subpoenaed prior to trial, until such time as each police officer finished testifying. Thereby, defense counsel was hampered in the preparation of trial for the appellant.”

. The Appellate Division, on a motion for reargument made by defendant’s present counsel, has reduced the minimum period of incarceration on each sentence to 15 years, in the interest of justice.

. The problem of the "frivolous” appeal has been an exceedingly troublesome one (see, generally, Conner, Withdrawal of Appointed Counsel From Frivolous Criminal Appeals, 49 Ind L Rev 740; Hermann, Frivolous Criminal Appeals, 47 NYU L Rev 701; Ray, Frivolous Appeals and the Minimum Standards Project: Solution or Surrender?, 24 U of Miami L Rev 95-111; Note, Obligation of Appointed Legal Counsel to Represent an Indigent on Appeal, 17 Drake L Rev 210). Rather than undertake in the context of an individual case a statement of guidelines which will govern many and varying situations, we invite the Appellate Divisions to develop procedures to be followed by an attorney who has been assigned to handle an appeal he considers frivolous and by the court which appointed him.