■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGUS GRODEN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 13, 1975, and amended November 20, 1975, convicting him of burglary in the third degree, possession of burglar's tools and criminal trespass in the third degree, upon a jury verdict, and imposing sentence. Judgment, as amended, modified, on the law, by reversing the conviction of criminal trespass in the third degree and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment, as amended, affirmed. Under the facts herein, the crime of criminal trespass in the third degree is a lesser included offense of burglary in the third degree and therefore the conviction of the former should be reversed and that count dismissed (see *People v Henderson,* 41 NY2d 233). The other alleged errors are harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt (see *People v Crimmins,* 36 NY2d 230). Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RICHARD HARRIS, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Suffolk County, rendered January 14, 1977, which (1) revoked the sentence of probation previously imposed and (2) resentenced him to a prison term. Amended judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOIS JOHNSON, Appellant.—Appeals by defendant from two judgments of the County Court, Westchester County, both rendered August 23, 1977, convicting her of arson in the second degree and grand larceny in the second degree, after a nonjury trial, and imposing sentences. Judgments reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. The record indicates that the defendant was denied her constitutional right to summation and, under the circumstances of this case, is entitled to a new trial (see *Herring v New York,* 422 US 853). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN L. KENWOOD, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County, imposed April 10, 1979. Sentence affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.