■ In the Matter of WEST FARMS ESTATE COMPANY, Respondent, v CONSOLIDATED EDISON CO. OF N. Y., INC., Appellant.—In a proceeding pursuant to CPLR article 78, which pursuant to CPLR 103, was converted into an action for a declaratory judgment, Consolidated Edison Company appeals from a judgment of the Supreme Court, Kings County, dated June 7, 1979, which declared that it is obligated to install 11 service laterals as part of a normal service installation, without charge. Judgment reversed, on the law, with costs, and it is declared that the appellant is not obligated to install 11 service laterals as part of a normal service installation, without charge. On the facts presented, we are of the opinion that the petitioner failed to adequately establish the elements of an equitable estoppel. Any reliance by the petitioner on the vague oral assurance of one of the appellant's service representatives, coupled with the failure of appellant to respond to two of petitioner's engineer's letters, was wholly unreasonable under the circumstances. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BASS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 27, 1978, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Hopkins, J. P., Damiani, Gulotta and O'Connor, JJ., concur.