■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GREEN-IDGE, Also Known as MARK LORD, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Kings County (Golden, J.), both rendered May 12, 1981, convicting him of manslaughter in the first degree and robbery in the first degree, upon his pleas of guilty, and imposing sentences. Judgments affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ORTIZ, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Tanenbaum, J.), imposed April 7, 1981, upon his conviction of sexual abuse in the first degree, upon his plea of guilty, the sentence being an indeterminate period of imprisonment with a minimum of two years and a maximum of six years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to probation for a period of five years. The case is remitted to the County Court, Suffolk County, to fix the conditions of probation. Both the District Attorney and the Department of Probation recommended that the court impose a sentence of probation. In our view that was the appropriate sentence under the circumstances here present. Mollen, P. J., O'Connor, Brown and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BEATRICE PRICE, Respondent. — Appeal by the People from an order of the Supreme Court, Richmond County (Owens, J.), dated February 26, 1982, which granted defendant's motion to dismiss the indictment. Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to Criminal Term for further proceedings on the indictment. There was sufficient evidence to sustain the indictment for arson in the third degree, as there was testimony before the Grand Jury that the building was damaged by a fire which had been started in three places and that defendant admitted setting the fire. Under the circumstances, the proof was sufficient to sustain the indictment. Damiani, J. P., Titone, Weinstein and Bracken, JJ., concur.