■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LEINO, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered April 5, 1982, convicting him of murder in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 17 years to life. The appeal also brings up for review the denial, after a hearing, of defendant's motion to suppress statements. Judgment modified, as a matter of discretion in the interest of justice, by reducing the minimum term of defendant's sentence to 15 years. As so modified, judgment affirmed. While defendant's suppression motion was properly denied, it was an improvident exercise of discretion to add two years to defendant's minimum term of imprisonment as a condition of preserving his right to appeal. We therefore reduce his minimum sentence to 15 years (see *People v Suitte,* 90 AD2d 80, 85-86). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SANTANA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Booth, J.), rendered June 16, 1980, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised upon appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SIERRA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Smith, J.), rendered March 2, 1983, convicting him of criminal possession of a dangerous drug in the fourth degree, upon his plea of guilty in 1972, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed. As so modified, judgment affirmed and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith, the resentencing to be conducted with all convenient speed before a Justice other than the one presiding over the original sentencing proceeding. In view of defendant's record and the passage of over 10 years between the original date set for sentencing and the date sentence was imposed, the court's failure to obtain an updated presentence report before imposing sentence requires vacatur of the sentence and remittal for resentencing (see CPL 390.20; *People v Cruz,* 89 AD2d 569). Furthermore, resentencing should be conducted with due consideration of the sentencing criteria set forth in *People v Suitte* (90 AD2d 80). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.