The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court *(see, People v Melendez,* 135 AD2d 660, *lv denied* 70 NY2d 1008; *People v Doherty,* 134 AD2d 513; *People v Lee,* 132 AD2d 625). In the case at bar, the plea was knowingly and voluntarily made in the presence of counsel, after the court had fully apprised the defendant of the consequences of his plea *(see, People v Melendez, supra).* Inasmuch as the defendant was afforded ample opportunity to state the bases for his withdrawal application, no error resulted from the absence of an evidentiary hearing with respect to the defendant's conclusory allegations that he was innocent and that his counsel—with whom he expressed satisfaction at the time of entering his plea—failed to adequately apprise him of the implications of his decision to plead guilty *(see, People v Tinsley,* 35 NY2d 926; *People v Melendez, supra; People v Lee, supra).* Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK RAWLINS, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RIORDAN, Appellant.