Contrary to the defendant's contention, the showup identification procedure employed by the police in this case was proper. The brief prearrest detention of the defendant, for the purpose of transporting him to the scene of the crime for possible identification, was lawful *(see, People v Hicks,* 68 NY2d 234; *see also, People v Hampton,* 129 AD2d 736, 737).

The defendant's further claim that his postarrest statement to the police should have been suppressed on the ground that the police failed to notify his mother prior to their interrogation is not preserved for appellate review *(see, People v Tutt,* 38 NY2d 1011; *People v Alston,* 134 AD2d 433, *lv dismissed* 71 NY2d 966). This argument is, in any event, meritless. The record on appeal contains no indication that the defendant ever requested to contact his mother *(cf., People v Bevilacqua,* 45 NY2d 508; *People v Townsend,* 33 NY2d 37). The defendant's confession was preceded by a full, voluntary and intelligent waiver of his *Miranda* rights *(see, People v Boykins,* 81 AD2d 922).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Delaney, J.), rendered March 30, 1984, convicting him of burglary in the second degree, grand larceny in the second degree, grand larceny in the third degree (two counts), and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GRIMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered March 14, 1986, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.