not appear, on the record before us, that the adjournment requested would have enabled the defense counsel to locate the witness. Indeed, between Tuesday and Thursday the defendant, defense counsel and the defendant's wife made a number of attempts to locate the witness, both at his home and the locations he customarily frequented, with no success. Further, the court had previously granted defense counsel one brief adjournment in attempting to secure the witness's testimony and assisted the defendant by ascertaining through its computer that the witness had been released from prison.

Under the circumstances presented at bar, we conclude that the trial court did not improvidently exercise its discretion in declining to grant the adjournment.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMADOR PEREZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered May 1, 1987, convicting him of attempted criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mollen, P. J., Brown, Kunzeman and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered February 6, 1985, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v