preme Court, Queens County (Calabretta, J.), rendered January 29, 1987, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel is granted leave to withdraw as counsel (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL A. RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 12, 1987, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROGERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered February 6, 1985, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the factual sufficiency of the plea allocution has not been preserved for appellate review since he never moved to withdraw his plea before the court of first instance (see, People v Pellegrino, 60 NY2d 636).

We further find that the sentence imposed was neither harsh nor excessive. Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.