■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CINTRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered February 6, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY COLEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 4, 1987, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in refusing to admit into evidence a videotaped statement made by the codefendant which tended to exculpate the defendant. The defendant sought to have the trial court admit the statement on the ground that it constituted an exception to the hearsay rule, as it was a declaration against the declarant's penal interest. We agree with the trial court, however, that the statement did not meet all of the requirements for admission as a declaration against penal interest since there was no independent proof that the statement contained sufficient indicia of reliability and trustworthiness (see, People v Settles, 46 NY2d 154, 167). Contrary to the defendant's claim, the testimony at trial did not tend to support or give credence to the codefendant's statement, but in fact showed the defendant to be an active and willing participant in the robbery. As there was no independent proof of trustworthiness, the statement was properly excluded.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Brown and Harwood, JJ., concur.