Additionally, the defendant's challenge to the sentence he received is unavailing, inasmuch as it is neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80) and was imposed pursuant to a bargained-for plea arrangement to which the defendant consented *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Lawrence, Sullivan, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARINO ORTEGA, Appellant.—

We agree with the defendant's argument that the 1986 amendments to Penal Law § 155.30 which increased the minimum value of the property required for the crime of grand larceny in the third degree (L 1986, ch 515), should have been applied to the defendant who was sentenced after the effective date of the amendments. When an ameliorative amendment reduces the punishment for a particular crime, " 'the law is settled that the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date' " *(People v Behlog,* 74 NY2d 237, 240; *see also, People v Pierre,* 157 AD2d 750).

However, we need not remit for resentencing since the defendant has already served the maximum sentence permitted for petit larceny.

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PARSONS, Appellant.—

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Brown, Kunzeman, Eiber and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL M. PHILLIPS, Appellant.—

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Lawrence, Sullivan, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE QUICK, Appellant.—

Contrary to the defendant's contentions, the lineup procedure employed was proper and not "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law" *(Stovall v Denno,* 388 US 293, 302). All of the other participants in the lineup were approximately the same age, weight and build as the defendant and had similar skin tones and hairstyles *(see, People v Mattocks,* 133 AD2d 89; *People v Cunningham,* 110 AD2d 708, 709). The defendant's argument that the lineup was rendered unnecessarily suggestive because of his height is without merit, and is inconsistent with the position adopted