We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Brown, Kunzeman, Eiber and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL M. PHILLIPS, Appellant.—

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Lawrence, Sullivan, Harwood and Balletta, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE QUICK, Appellant.—

Contrary to the defendant's contentions, the lineup procedure employed was proper and not "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law" *(Stovall v Denno,* 388 US 293, 302). All of the other participants in the lineup were approximately the same age, weight and build as the defendant and had similar skin tones and hairstyles *(see, People v Mattocks,* 133 AD2d 89; *People v Cunningham,* 110 AD2d 708, 709). The defendant's argument that the lineup was rendered unnecessarily suggestive because of his height is without merit, and is inconsistent with the position adopted