■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH ARCE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Herold, J.), rendered August 29, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738: People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BRUFF, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered October 6, 1988, convicting him of rape in the first degree, burglary in the first degree (two counts), and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly excluded certain hearsay evidence offered by the defendant as allegedly probative of the complainant's state of mind. In any event, even if it was error to exclude the evidence, the error would be harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230, 242). The complainant's testimony that she was raped by the defendant, whom she knew, was supported by evidence of her prompt outcry to her boyfriend, her escape by jumping out the window of her second-story apartment where the attack occurred and the injuries suffered by the complainant independent of her jump.

We also find that given the nature of the crime the sentence imposed was not unduly harsh or excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.