Also meritless is the defendant's claim that he was deprived of a fair trial by a remark the prosecutor made while cross-examining the alleged purchaser of the crack-cocaine, who testified for the defense. After the purchaser denied that the defendant was the one who sold him the crack, the prosecutor asked: "Isn't it a fact that the reason that you are testifying is because you don't want your drug supplier to go to jail; isn't that the fact, that the reason you are testifying?" An objection to this question was sustained and it went unanswered. Since the defendant did not thereafter move for a mistrial or express any dissatisfaction with the court's ruling, his claim of prejudice is not preserved for appellate review *(see, People v Medina,* 53 NY2d 951; *People v Cruz,* 147 AD2d 584, 584-585; *People v Lewis,* 140 AD2d 714). In any event, this one unanswered question did not deprive the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Cruz,* 160 AD2d 893; *People v Keith,* 136 AD2d 657).

Most of the other instances of alleged prosecutorial misconduct are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina, supra).* In any event, considered cumulatively the alleged instances of misconduct did not deprive the defendant of a fair trial *(see, People v Galloway, supra; cf., People v Brazzeal,* 172 AD2d 757). Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN POWELL, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (O'Dwyer, J.), all rendered August 17, 1989, convicting him of attempted criminal possession of a weapon in the third degree under Indictment No. 1632/89, robbery in the first degree under Indictment No. 2974/89, and robbery in the first degree under Indictment No. 3173/89, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PRATT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.),