■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered October 13, 1989, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered October 23, 1989, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Philip L. Weinstein is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Michael Lipson, of 1205 Franklin Avenue, Garden City, N. Y. 11530, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this court's independent review of the record, we conclude that arguable issues exist which could be raised on appeal with regard, *inter alia,* to the sufficiency of the exploration of the defendant's claim of justification based on self-defense by trial counsel and the court. Accordingly, the motion of the defendant's assigned appellate counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Casiano,* 67 NY2d 906; *People v Gonzalez,* 47 NY2d 606; *People v Woodham,* 153 AD2d 599). Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.