totality of the circumstances reveals that his statement was voluntarily obtained (see, People v Anderson, 42 NY2d 35, 38).

The question of a waiver of Miranda rights is not one of form, but of whether the defendant knowingly and voluntarily waived his rights (see, People v Wright, 140 AD2d 656, 658; see also, People v Crosby, 91 AD2d 20, 29). Further, there is no requirement that the warnings be given every single time a suspect in custody is subjected to separate questioning within a short time interval (see, People v Crosby, supra, at 29). There is uncontroverted evidence that even though the arresting officer was out of breath when he read the Miranda warnings, the defendant specifically indicated that he understood what had been read to him (see, People v Sirno, 76 NY2d 967; see also, People v Burton, 191 AD2d 703; People v Leftwich, 134 AD2d 371). Moreover, since there was a short interval of approximately 10 minutes between the administration of the warnings and the defendant's unhesitating statement in response to a single question asked by the arresting officer's partner, we find that the defendant was fully informed of his rights and made a voluntary and knowing waiver of those rights.

The defendant's remaining contentions are unpreserved for appellate review or without merit (see, People v Stahl, 53 NY2d 1048; People v Udzinski, 146 AD2d 245). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOWARD, Appellant. [608 NYS2d 85] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered September 15, 1992, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG JACKSON, Appellant. [608 NYS2d 85] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered March 16, 1993, convicting