spondent. [644 NYS2d 970]

The Surrogate's Court did not err in admitting evidence of certain events which occurred after the execution of the purported will. This evidence was relevant in determining whether the petitioner had exerted undue influence upon the testator and had a bearing upon the testator's testamentary capacity at the time of the execution of the purported will (*see, Matter of Putnam,* 257 NY 140; *Matter of McCarthy,* 269 App Div 145, *affd* 296 NY 987; *Matter of Norminton,* 261 App Div 1105). Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.

■ In the Matter of ELLIOT TASH, Respondent, v MARIA CA-DETTE, Appellant. [644 NYS2d 977]

The order which directed a hearing to aid the court in its determination of the visitation issue is not a dispositional order and is not appealable as of right (*see,* Family Ct Act § 1112; *Matter of Perri v Mariarossi,* 172 AD2d 671; *Matter of Harley v Harley,* 129 AD2d 843; *Matter of Schultz v Schultz,* 117 AD2d 737; *see also, Dallin v Dallin,* 225 AD2d 729; *Brevetti v Brevetti,* 182 AD2d 606). No application for leave to appeal has been made, and in light of the fact that a hearing has been ordered at which the parties may present evidence regarding what visitation schedule would best benefit the child, we decline to exercise our discretionary power to deem the notice of appeal to be an application for leave to appeal (*see, Matter of Zimmer v Peno,* 194 AD2d 928; *Matter of Schultz v Schultz, supra*). Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIAN BAKER, Appellant. [644 NYS2d 979]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BENITEZ, Appellant. [644 NYS2d 979]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606).

We further conclude that the defendant has failed to raise any nonfrivolous issues in his supplemental *pro se* brief. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NIKIKI BRASH, Respondent. [644 NYS2d 980]

The Supreme Court erred in determining that the defendant's statutory right to a speedy trial had been violated (*see,* CPL 30.30 [1] [a]). It is uncontroverted that the subject six-month period consisted of 184 days and, in dismissing the