■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE MOSES, Also Known as JACKIE MORIS, Also Known as JOHN DOE, Appellant. [678 NYS2d 282] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 15, 1996, convicting him of criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution's witnesses, because of certain inconsistencies in their testimony, should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, contrary to the defendant's argument, the jury's decision to acquit him of the criminal mischief charge does not compel a different result as the elements of criminal mischief and criminal trespass are different. O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE NATKIN, Appellant. [678 NYS2d 283] —Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Vaughn, J.), rendered December 13, 1996, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, rendered January 6, 1997.

Ordered that the judgment and the amended judgment are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.