■  The People of the State of New York, Respondent, v James Gilmore, Appellant. [704 NYS2d 603] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered July 22, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not entitled to a missing witness charge with respect to a police sergeant who was part of the field team in a so-called "buy and bust" operation. The defendant failed to establish that the witness was knowledgeable about a material issue pending in the case, i.e., the defendant's identity as the perpetrator (see, People v Kitching, 78 NY2d 532).

.  The defendant's remaining contentions are without merit. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.

■  The People of the State of New York, Respondent, v Lahiem Haney, Appellant. [704 NYS2d 841] —Appeal by the defendant from two judgments of the Supreme Court, Richmond County (J. Leone, J.), both rendered August 8, 1996, convicting him of assault in the first degree under Indictment No. 468/94 and reckless endangerment in the first degree under Indictment No. 249/94, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.