■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEE, Appellant. [709 NYS2d 407] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 20, 1997, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that reversal is required because the prosecutor referred to hearsay in his opening remarks is without merit since the statement referred to was elicited at trial without objection (*see, People v De Tore,* 34 NY2d 199, 207).

Although the defendant was not indicted for stealing rings, the court properly ruled that this evidence was admissible (*see, People v Alvino,* 71 NY2d 233). The defendant was not entitled to a mistrial after the rings were admitted into evidence, since the court struck the rings from evidence once it determined that the People could not establish ownership of the rings and gave a curative instruction (*see, People v Young,* 48 NY2d 995).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Friedmann, McGinity and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. LINTON, Appellant. [708 NYS2d 892] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered December 8, 1997, convicting him of criminal facilitation in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.