was running away from the defendant. The victim and two eyewitnesses to the incident testified to the circumstances of the shooting and identified the defendant as the shooter.

Moreover, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight accorded the evidence presented, are primarily questions to be determined by the jury, which heard and saw the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86).

The trial court properly ruled that evidence that the defendant sold drugs to the victim's associate just prior to the shooting was admissible. It was necessary to complete the narrative of the episode, and to enable the jury to understand the sequence of the events (*see, People v Gines,* 36 NY2d 932; *People v Russo,* 173 AD2d 576). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAY M. FARWELL, Appellant. [708 NYS2d 627] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered January 10, 1997, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit or do not require reversal. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GOMEZ, Appellant. [709 NYS2d 821] —Appeal by the de-

fendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered October 11, 1996, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.