■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MILLER, Appellant. [717 NYS2d 897] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 26, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EVERETT MOORE, Appellant. [717 NYS2d 898] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered May 19, 1997, convicting him of criminal possession of a weapon in the second degree, menacing in the second degree (two counts), and reckless endangerment in the second degree, and imposing sentence.

Ordered that the judgment is affirmed.

The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.