The defendant's contention that the police lacked probable cause to arrest him is unpreserved for appellate review (see People v High, 18 AD3d 775 [2005], lv denied 5 NY3d 789 [2005]). Further, the defendant may not rely on trial testimony to challenge the suppression ruling, since he failed to request a reopening of the suppression hearing (see People v Riley, 70 NY2d 523 [1987]). In any event, probable cause was established because the arresting officer was entitled to rely on the information provided by the police sergeant observing the drug sale (see People v Green, 13 AD3d 646 [2004]).

The trial court was justified in interrupting the defense counsel's summation upon objection by the prosecutor, since the defense counsel's argument was not grounded in the evidence presented at trial (see People v Barreau, 183 AD2d 904 [1992]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAHN HOWARD, Appellant. [802 NYS2d 374]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered February 25, 2003, convicting him of robbery in the first degree and kidnapping in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.