As the People correctly concede, the trial court committed reversible error when, after the defense counsel exercised his peremptory challenges, it permitted the prosecutor to exercise a peremptory challenge to an unsworn prospective juror over the defense counsel's objection (*see* CPL 270.15 [2]; *People v Williams,* 26 NY2d 62 [1970]; *People v Nieves,* 26 AD3d 519, 520 [2006]). The prosecutor's belated exercise of a peremptory challenge violated "the one persistently protected and enunciated rule of jury selection—that the People make peremptory challenges first, and that they never be permitted to go back and challenge a juror accepted by the defense" (*People v Alston,* 88 NY2d 519, 529 [1996]). Crane, J.P., Rivera, Goldstein and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY W. LEE, Appellant. [827 NYS2d 667]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July15, 2005, convicting him of forgery

in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Crane, J.P., Mastro, Santucci, Lifson and Angiolillo, JJ., concur.