THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY T. JACOBS, Appellant. [891 NYS2d 289]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS JENKINS, Appellant. [891 NYS2d 289]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VASITILY KUZ, Appellant. [891 NYS2d 294]

The defendant contends that, with respect to the count charging assault in the first degree, the Supreme Court's erroneous definition of serious physical injury (*see* Penal Law § 10.00 [10]; *People v Pittman*, 33 AD3d 1118, 1119-1120 [2006]; *cf. CJI2d[NY]* Penal Law § 120.10 [1]), deprived him of a fair trial (*see* CPL 470.15 [6] [a]). We find that the charge did not deprive the defendant of a fair trial, and we decline to disturb the conviction in the exercise of our interest of justice jurisdiction