resentencing pursuant to the 2009 Drug Law Reform Act, codified in CPL 440.46, did not render him ineligible for resentencing (*see People v Santiago*, 17 NY3d 246, 247-249 [2011]). Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Queens County, for further proceedings and a new determination of the defendant's motion to be resentenced pursuant to CPL 440.46 (*see People v Young*, 88 AD3d 917 [2011] [decided herewith]). Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY RUDY, Appellant. [931 NYS2d 241]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH SCALA, Appellant. [931 NYS2d 240]—

Since the defendant knowingly, voluntarily, and intelligently pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis now to complain that the sentence imposed was excessive (*see People v Johnson*, 81 AD3d 663 [2011]; *People v Bunn*, 79 AD3d 1143, 1143-1144 [2010]; *People v Kazepis*, 101 AD2d 816, 817 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SMITH, Appellant. [931 NYS2d 511]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellant. [931 NYS2d 521]—

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Balkin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY YOUNG, Appellant. [931 NYS2d 880]—

The defendant contends, and the People correctly concede, that contrary to the determination of the Supreme Court, his release to parole during the pendency of his motion for