Chief Judge Fuld.
This appeal presents the question whether a defendant is effectively deprived of his right to an appeal where the Appellate Term has decided against him without allowing his attorney an opportunity to prepare and submit a brief.
Tried in the District Court of Nassau County by a judge without a jury, the defendant was found guilty of issuing a worthless check of some $51 and sentenced to 10 days in jail, execution being suspended. On appeal to the Appellate Term, the defendant, through his lawyer, sought a reversal on two grounds — first, that the evidence failed to establish his guilt and, second, that he had not intelligently waived his rights to counsel and to a trial by jury.[1] The Appellate Term, withholding final decision, remitted the case to the trial court for a hearing as to whether the defendant had “ under standingly, voluntarily and consciously ’ ’ waived his rights.
At the hearing thus directed, the District Court Judge found, on the basis of ample evidence, that the defendant had, in fact, knowingly waived his jury trial right, as well as his right to counsel, and his "report" to that effect was transmitted to the Appellate Term in June, 1968, where it was added to the record already before that court. The defendant applied for, and was granted, an order providing him with a free copy of the hearing *356 minutes. However, prior to counsel’s receipt of those minutes, the Appellate Term issued an order affirming the judgment of conviction. The defendant’s counsel immediately moved for reargument, vacatur of the order of affirmance and leave to file a brief; he averred that he had been misled by a court clerk into the belief that he had two weeks within which to submit a brief and that, lacking a copy of the minutes, he was not able to present his argument in support of his client’s position. The Appellate Term denied the application and the defendant appeals from its affirmance of the conviction.
In arguing for an affirmance, the District Attorney does not deny that, as a general rule, an appellant has a right to file a brief in support of his appeal but he maintains that, under the facts of this case, the defendant was not prejudiced. He points out that the defendant himself had acknowledged at the hearing that he had been informed of his rights, had stated that he wanted to represent himself and that he did not desire a jury trial. The fact that the defendant’s appeal may have lacked merit did not, however, justify the Appellate Term’s refusal to allow his counsel an opportunity to prepare and submit a brief. Implicit in the right of a defendant to appeal (see People v. Borum, 8 N Y 2d 177) and to have counsel on that appeal (see People v. Hughes, 15 N Y 2d 172; Douglas v. California, 372 U. S. 353) is his right that such counsel be afforded an opportunity to be heard and to submit a brief on the merits of the case. (Cf. Garrison v. Patterson, 391 U. S. 464, 466.) To deny to the defendant’s lawyer on the appeal any opportunity to see or read the record and thereafter present his arguments orally or in a brief negates the effective appeal to which a defendant is entitled.
Nor may it be successfully argued that, since an appellate tribunal may have the record before it, it is competent to review a case and pass upon its merits without waiting for the defendant’s counsel to make his own appraisal of that record or to submit a brief. There is no substitute for the single-minded advocacy of appellate counsel. Experience has demonstrated that they not infrequently advance contentions which might otherwise escape the attention of judges of busy appellate courts, no matter how conscientiously and carefully those judges read the records before them. An appellate court must, there *357 fore, afford a defendant’s lawyer an opportunity to present those arguments he considers relevant, to point out alleged errors and to call attention to asserted questions of law.
In short, then, it is a fundamental element of the right to appeal that the attorney for the defendant be permitted to submit a brief on behalf of his client. Since that opportunity was denied by the Appellate Term, its judgment affirming the judgment of conviction must be reversed and the case remitted to that court for reargument of the appeal.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment reversed and case remitted to the Appellate Term for further proceedings in accordance with the opinion herein.

. Although he was not represented by an attorney at the trial, the defendant had Legal Aid counsel act for him on the appeal.