■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAMLON CARROLL, JR., Appellant.—Application by appellant's assigned attorney "to be relieved and for other relief under authority of People v. Saunders, 52 AD 2d 833", granted only to the extent of assigning alternate counsel to expeditiously prosecute this appeal by whatever means he may deem appropriate. Counsel, in his brief states that, following his review and examination of the trial record he "is unable to find therein to be present any legal point(s) of merit upon which to support the within appeal." He goes on to request, should this court, on its own review of the record, "find any legal point(s) of merit to support said appeal, that it [in such event] assign new appellate counsel for defendant". The judgment which is the subject of this application convicted defendant, after trial before Bloom, J., and a jury, of the crimes of murder in the second degree (felony murder) and burglary in the second degree. Defendant was sentenced to respective concurrent indeterminate terms of 20 years to life and 0 to 15 years' imprisonment. Such judgment was rendered following Huntley and Wade hearings and a jury trial which ran from May 12, 1977 to May 19, 1977. An application, such as this, for leave to withdraw as counsel, must be made in strict compliance with the guidelines provided in People v Saunders (supra). We stated therein as follows: "The Supreme Court, in Anders v California

(386 US 738), established the procedure to be followed in this type of situation. Upon finding his case to be wholly frivolous, after a conscientious examination of the record, counsel should so advise the court and request permission to withdraw. Such request should be accompanied by a brief reciting the underlying facts *and highlighting anything in the record that might arguably support the appeal."* (Emphasis added, 52 AD2d 833.) While present counsel, in his brief, recites the underlying facts, he fails completely to comply with the language above emphasized. Defendant has submitted a *pro se* brief to this court wherein he alludes to possible nonfrivolous issues. Pointing to the fact that robbery was the predicate felony, he urges that it was necessary for the People to first prove that "the intent to rob Mr. Sears preceded the homicide, and * * * that the homicide was committed by the appellant in the attempted execution of that end. If, however, the intent came into being after the homicide, the verdict convicting appellant of felony murder, or of robbery, cannot stand. *People v. Joyner,* 26 NY 2d 106, 109". He goes on, as his counsel should have done, to challenge the sufficiency of the evidence establishing that he went to the Sears apartment with intent to rob. Counsel's lengthy narrative of facts "could aid neither defendant nor the court in reviewing the case, for no effort was made to relate the facts to the points later stated [in the case at bar no points were even stated]". *(People v Gonzalez,* 47 NY2d 606, 611.) The Court of Appeals stated in the last cited case (p 610): "The right of an indigent criminal defendant to the services of counsel on appeal is established by a long line of decisions of the Supreme Court and of this court. Those decisions make clear that the assistance given must be that of an advocate rather than as *amicus curiae (Ellis v United States,* 356 US 674; *People v Emmett,* 25 NY2d 354), that the right 'means more than just having a person with a law degree nominally' representing defendant *(People v Bennett,* 29 NY2d 462, 466), that it requires the effective assistance of 'single-minded' counsel *(People v Emmett, supra,* p 356) in the 'research of the law, and marshalling of arguments on [defendant's] behalf' *(Douglas v California,* 372 US 353, 358, see, also, *People v Macerola,* 47 NY2d 257; *People v Droz,* 39 NY2d 457, 462), so that defendant is provided the 'full consideration and resolution of the matter' of 'an active advocate in behalf of his client' *(Anders v California,* 386 US 738, 743-744 * * *). The objective of State and Federal decisions has been to assure that an indigent criminal appellant receives substantially the same assistance of counsel as one who can afford to retain an attorney of his choice *(Douglas v California,* 372 US 353, *supra; Nickols v Gagnon,* 454 F2d 467)." Under the circumstances, present counsel should be relieved and new counsel assigned, and this application is granted only to such extent. Defendant is entitled to *de novo* consideration by new counsel and the court (see *People v Gonzalez, supra).* Counsel is directed to expeditiously prosecute this appeal in any manner he deems appropriate. Time to perfect the appeal is enlarged to the March 1980 Term of this court. Concur —Murphy, P. J., Lane, Lupiano, Silverman and Ross, JJ.