■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS WILLIAMS, Appellant. [996 NYS2d 355]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered February 24, 2012, which, after a hearing, granted the petition of the People of the State of New York pursuant to Correction Law § 168-o (3) for an upward modification of his risk level classification and designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Michael F. Dailey for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Carl D. Birman, Esq., 626 Meadow Street, Mamaroneck, N.Y., 10543, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated July 25, 2012, the appellant's motion for leave to

prosecute the appeal as a poor person was denied as unnecessary, as the appellant was granted leave to proceed as a poor person in the County Court and, pursuant to Correction Law § 168-n (3), his status as a poor person continues on appeal, and it was ordered that the appeal would be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

There are two steps to this Court's review of an attorney's motion to be relieved pursuant to *Anders v California* (386 US 738 [1967]; *see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 255 [2011]). First, "the Court 'must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal' " (*id.* at 255, quoting *Penson v Ohio*, 488 US 75, 83 [1988] [emphasis omitted]). "If the Court is satisfied . . . that counsel diligently examined the case on the indigent appellant's behalf, the next step in the Court's review is to determine, based upon an independent review of the record, whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (*id.*). The question "to be answered by this Court in every *Anders* case is only whether 'the appeal lacks any basis in law or fact' " (*id.* at 259, quoting *McCoy v Court of Appeals of Wis., Dist. 1*, 486 US 429, 439 n 10 [1988]).

Here, although defense counsel's brief was sufficient, upon our independent review of the record, we conclude that at least one nonfrivolous issue exists for appeal, i.e., whether the County Court improvidently exercised its discretion in granting the People's petition to modify the defendant's risk level classification under the Sex Offender Registration Act (*see* Correction Law § 168-o [3]), from level one to level three. Since a review of the record by the Appellate Division cannot substitute for " 'the single-minded advocacy of appellate counsel,' " we assign new counsel to prosecute the appeal (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 259, quoting *People v Emmett*, 25 NY2d 354, 356 [1969]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.