■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JORDAN, Appellant. [59 NYS3d 137]—Appeal by the de-

fendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 14, 2014, convicting him of robbery in the second degree, grand larceny in the fourth degree (two counts), petit larceny (two counts), criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Michael F. Dailey for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Gary Eisenberg, Esq., 10 Esquire Road, Suite 10, New City, New York, 10956, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order, and the People shall serve and file their brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 30, 2015, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon our independent review of the record, we conclude that there are nonfrivolous issues including, but not necessarily limited to, whether certain statements made by the complainant and an eyewitness at trial regarding pretrial identification were unduly prejudicial to the defendant (*see People v Nolasco*, 70 AD3d 972, 974 [2010]). Accordingly, we assign new counsel to prosecute the appeal (*see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 259 [2011]; *People v Emmett*, 25 NY2d 354, 356 [1969]; *People v Williams*, 122 AD3d 820 [2014]). Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.