Matter of Cheryl P. (Ayanna M.) (2018 NY Slip Op 02629)





Matter of Cheryl P. (Ayanna M.)


2018 NY Slip Op 02629


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-04728
 (Docket No. N-505-17)

[*1]In the Matter of Cheryl P. (Anonymous). Orange County Department of Social Services, respondent; Ayanna M. (Anonymous), appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated March 7, 2017. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of John R. Lewis for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Samuel Coe, 254 South Main Street, Suite 500, New City, NY, 10956, is assigned as counsel to perfect the appeal; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated May 22, 2017, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
There are two steps to this Court's review of an attorney's motion to be relieved pursuant to Anders v California (386 US 738) (see Matter of Ni-Na C. [Xiao Qing C.], 126 AD3d [*2]690, 691; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 255). First, " the Court must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal'" (Matter of Ni-Na C. [Xiao Qing C.], 126 AD3d at 691, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 255 [internal quotation marks omitted]). " If the Court is satisfied . . . that counsel diligently examined the case on the indigent appellant's behalf, the next step in the Court's review is to determine, based upon an independent review of the record, whether counsel's assessment that there are no nonfrivolous issues for appeal is correct'" (Matter of Ni-Na C. [Xiao Qing C.], 126 AD3d at 691, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). The question "to be answered by this Court in every Anders case is only whether the appeal lacks any basis in law or fact'" (id. at 259, quoting McCoy v Court of Appeals of Wis., Dist. 1, 486 US 429, 439 n 10).
Upon our independent review of the record, we conclude that nonfrivolous issues exist. Since a review of the record by the Appellate Division cannot substitute for " the single-minded advocacy of appellate counsel,'" we assign new counsel to prosecute the appeal (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 259, quoting People v Emmett, 25 NY2d 354, 356).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court