The People of the State of New York, Respondent,
against
Javell Ross, Appellant. 




John R. Lewis, for appellant.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester County (Peter F. Sisca, J.), rendered October 8, 2015. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal;
Thomas R. Villecco, Esq.
366 North Broadway
Suite 410
Jericho, NY 11753.
Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel. New counsel is directed to serve and file a brief within 90 days after the date of this order and decision. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent's brief.
Assigned counsel submitted a brief pursuant to Anders v California (386 US 738 [1967]) setting forth the conclusion that there exist no nonfrivolous issues that could be raised on appeal. This brief "is deficient because it fails to analyze potential appellate issues and fails to highlight facts in the record that might arguably support the appeal" (People v Parker, 135 AD3d 966, 968 [2016]). "Noticeably absent from assigned counsel's Anders brief is any acknowledgment, discussion, or analysis of the defendant's waiver of the right to appeal or the enforceability of the waiver" (People v Murray, 169 AD3d 227, 230 [2019]). "Since the brief does not demonstrate that assigned counsel has fulfilled [his] obligations under Anders, we must assign new counsel to [*2]represent defendant" (Parker, 135 AD3d at 968).
Moreover, upon our independent review of the appellate record, we have determined that nonfrivolous issues exist in this case (see People v Jordan, 152 AD3d 796 [2017]), including, but not necessarily limited to, whether the misdemeanor complaint was jurisdictionally defective in that its sole count of assault in the third degree (Penal Law § 120.00 [1]) may have been pleaded insufficiently (see generally People v Dreyden, 15 NY3d 100 [2010]; People v Banks, 63 Misc 3d 130[A], 2019 NY Slip Op 50404[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Tomassi, 35 Misc 3d 143[A], 2012 NY Slip Op 50940[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Accordingly, we hold this appeal in abeyance, grant assigned counsel's application to withdraw as counsel and assign new counsel to prosecute the appeal on defendant's behalf with respect to this issue or any other issues that may be identified.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 22, 2019